

**FILED**

JUN 24 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Mark Jones, | ) |
| Plaintiff, | ) Case No. 13 CV - 372 CVE - TLW |
| v. | ) (Formerly Tulsa County |
| (1) WATCO Companies, LLC, | ) Case No. CJ-2013-02407) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, WATCO Companies, LLC ("Watco"), hereby removes the state action described herein from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. Removal is proper for the following reasons:

1. Watco is a defendant in a civil action brought against it in the District Court of Tulsa County, Oklahoma and titled *Mark Jones v. Watco Companies, LLC,* Case No. CJ-2013-02407 (the "State Court Case").

2. Upon information and belief, Plaintiff was at the time of filing of this action and is at the present time a resident and citizen of Tulsa County in the State of Oklahoma. (*See* Petition, Exhibit 1, at ¶ 1).

3. Plaintiff worked for Watco in Tulsa County, among other places.

4. The United States District Court has original jurisdiction in this action because Plaintiff's claims arise under the laws of the United States. More specifically, Plaintiff's action of is based on alleged rights created by Title VII of the Civil Rights Act of 1964. Therefore, these claims are founded on and arise out of the laws of the United States and, as such, are removable to the District Court of the United States without regard to the citizenship or residence of the



parties pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b). This Court has jurisdiction over Plaintiff's state law claims in Counts I, II and III pursuant to 28 U.S.C. § 1441(c).

5. The aforementioned action was commenced by service of summons upon Watco on May 28, 2013, and this Notice of Removal is, therefore, timely filed under the provisions of 28 U.S.C. § 1446.

8. A copy of all process, pleadings, and other documents filed in the State Court Case is attached hereto as Exhibit 1.

9. A copy of the docket sheet in the State Court Case is attached hereto as Exhibit 2.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Tulsa County, State of Oklahoma.

Respectfully submitted,

*Amy E. Sellars*
RANDALL J. SNAPP, OBA # 11169
AMY E. SELLARS, OBA #30202
- Of the Firm –
Crowe & Dunlevy
321 South Boston, Ste. 500
Tulsa, OK 74103-3313
(918) 592-9855
(918) 599-6335
randall.snapp@crowedunlevy.com
amy.sellars@crowedunlevy.com

ATTORNEY FOR DEFENDANT WATCO COMPANIES

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was delivered to the Court Clerk of Tulsa County, Oklahoma, Tulsa County Courthouse, 500 S. Denver, Tulsa, Oklahoma 74103 and was mailed, postage prepaid, this 24th day of June, 2013 to the following attorney for Plaintiff:

Anthony Allen
Allen & Wisner
101 W. Broadway
Muskogee, OK 74401

ATTORNEY FOR PLAINTIFF

*Amy E. Sellars*
Amy E. Sellars



DISTRICT COURT
**FILED**

MAY 17 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

1. MARK JONES, )
      Plaintiff, )
       ) Case No. **CJ-2013 02407**
v. )
       ) ATTORNEY'S LIEN CLAIMED
1. WATCO COMPANIES, L.L.C., )
      Defendant. )

### PETITION

**MARY F. FITZGERALD**

Mark Jones, for his *Petition* against Watco Companies, L.L.C., states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times relevant hereto, the plaintiff has resided in Tulsa County in the State of Oklahoma.

2. At all times relevant hereto, the defendant was a foreign entitiy doing business in Oklahoma.

3. Mr. Jones was an employee of the defendant from approximately July of 2003 until approximately October of 2011, when the defendant terminated Mr. Jones's employment. At the time Mr. Jones was hired, the defendant was a foreign for profit corporation incorporated in the State of Kansas. In December of 2010 it appears that the defendant converted to a Limited Liability Company.

4. At all times mentioned herein, the defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Civil Rights Act"), Title 42 U.S.C. § 2000e(b) and as the term is defined by the Equal Employment Opportunity Commission ("EEOC").

5. Mr. Jones worked for the defendant's railroad operations in multiple venues, including in Tulsa County.

1

**EXHIBIT 1**

CJ-2013 02407

6. Tulsa County is the proper venue for this action because this is the District in which the plaintiff resides and in which the defendant does business and in which a substantial part of the events or omissions giving rise to the claims occurred.

7. The plaintiff has been generally damaged in an amount within the jurisdictional limits of the Court.

8. Although this *Petition* is divided into sections, it is intended to be read as a whole, with each part incorporating all others.

### STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9. Mr. Jones, a black man, was a loyal, dedicated employee of the defendant up to the day he was fired. He had been recognized for high performance and was promoted in March 2011 to site manager at the Holly refinery location in Tulsa, Oklahoma

10. In May of 2011, Mr. Jones was demoted to conductor and transferred to the Stroud, Oklahoma location without explanation. Mr. Jones was told by a departing member of management that race was an issue with his position and that another manager had said that she did not want "niggers in charge."

11. Mr. Jones had witnessed and reported a number of safety violations before being promoted to management, while a manager and following his term in management.

12. On or about October 28, 2011, Mr. Jones was fired for wearing shorts while in a company vehicle. Mr. Jones had not, however, committed this infraction, instead having voluntarily driven a co-worker to the job site in his personal vehicle while not on duty.

13. Mr. Jones told management of the shorts misunderstanding, as did the employee who benefited from the ride to work, but management did not reverse the decision or allow Mr. Jones any opportunity to further dispute the matter.

14. Mr. Jones had witnessed non-black employees violate company policy and even make serious safety errors that were known to management without being fired.

15. Shortly after his termination, Mr. Jones learned that Mr. Jones's former manager had said "one nigger down, one to go." There was only one other black employee similarly situated to Mr. Jones at that time and he was fired soon thereafter.

### COUNT I: MENTAL AND EMOTIONAL DISTRESS

16. The defendant owed the plaintiff a duty of care during the plaintiff's employment period with the defendant, including the duty to avoid inflicting upon him emotional distress by the manner in which the defendant operated its business and in the manner of continuing or discontinuing the plaintiff's employment.

17. Throughout his employment with the defendant, the plaintiff was confronted with the defendant's improper business practices, including the violation of statutes.

18. As a result of the defendant's breach of its duty of care to the plaintiff, the plaintiff suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

19. The defendant's actions were reckless, entitling the plaintiff to punitive damages.

### COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

20. The defendant wrongfully terminated the plaintiff's employment in violation of various public policies of the State of Oklahoma.

21. Among other things, the defendant discharged the plaintiff from his employment in retaliation for his complaints of workplace safety violations. Terminating employment for voicing concerns about workplace safety violates a clear mandate of Oklahoma public policy.

3

22. By the aforesaid acts and omissions of the defendant, the plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, in an amount to be proved at trial.

23. As a further direct and legal result of the acts and conduct of the defendant, the plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, and anxiety.

24. The defendant, by engaging in the aforementioned acts and in authorizing and ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights and welfare of the plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## COUNT III: BREACH OF IMPLIED CONTRACT

25. On or about July 3, 2003, the plaintiff and the defendant entered into an implied unilateral contract whereby the defendant's personnel manual and other mandatory employment documents acted as offers for a unilateral contract accepted by the plaintiff's action to continue working for the defendant.

26. The defendant breached the contract by terminating the plaintiff's employment in contravention of the implied unilateral contract the manner of operating the defendant's business and in the manner of continuing or discontinuing the plaintiff's employment.

27. The plaintiff has performed all conditions precedent to recover under the contract and has not excused the defendant's breach.

4

● **CJ-2010 02407**

28. As a result of the defendant's breach of the implied unilateral contract, the plaintiff has sustained damages including but not limited to the amount of lost earnings and employment benefits and the amount of damages for mental and emotional distress or anguish.

### COUNT IV: VIOLATION OF THE CIVIL RIGHTS ACT

29. The defendant's actions described herein were intentional and demonstrate differing employment standards for similarly situtuated, non-minority employees and the plaintiff, who is a member of a protected class. Such actions and standards created a hostile work environment and were adverse to the plaintiff's employment situation and status.

30. The defendant's termination of the plaintiff was without sufficient justification and grossly disproportiant to any perceived misconduct. As such, the defendant's action was discriminatory as to the plaintiff. The defendant unfairly treated and ultimately terminated the plaintiff, at least in part because of his race.

31. Such adverse employment actions were in violation of the Civil Rights Act, 42 U.S.C. § 2000e-2.

32. As a result of Defendant's actions, the plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court award:

A. Judgment against the defendant for actual and punitive damages for the defendant's act of negligent infliction of emotional distress;

5



CJ-2013 0240

B. Judgment against the defendant for actual and punitive damages for the defendant's act of retaliatory discharge in contravention of Oklahoma's public policy;

C. Judgment against the defendant for actual and punitive damages for the defendant's breach of implied contract;

D. Judgment against the defendant for violation of the Civil Rights Act;

E. Judgment against the defendant for the costs of litigation, including a reasonable attorney's fee;

F. Any and all other relief as this Court deems appropriate according to equity, justice and the evidence presented.

Respectfully submitted,

Anthony L. Allen    OBA# 19738
ALLEN & WISNER
101 W. Broadway
Muskogee, Oklahoma 74401
918.683.5291
918.683.3397 fax
anthony@oklahomaslawfirm.com

*Attorney for the Plaintiff*

6

 

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

Mark Jones, )
        Plaintiff, )
v. ) Case No. CJ-2013-02407
) Mary F. Fitzgerald
WATCO Companies, LLC, )
        Defendant. )

**DISTRICT COURT FILED**
JUN 1 3 2013
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### ENTRY OF APPEARANCE

COMES NOW Randall J. Snapp and Amy E. Sellars and enter their appearances in the above styled matter for Defendant WATCO Companies, LLC.

Respectfully submitted,

_Amy E. Sellars_
Randall J. Snapp, OBA #11169
Amy E. Sellars, OBA #30202

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)

ATTORNEYS FOR DEFENDANT
WATCO COMPANIES, LLC



1

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the above and foregoing was mailed, postage prepaid, this _____ day of June, 2013 to:

Anthony Lee Allen
101 W. Broadway
Muskogee, OK  74401


                                                          */s/ Amy E. Sellars*
                                                         Amy E. Sellars

2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| Mark Jones, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CJ-2013-02407 ) Mary F. Fitzgerald |
| WATCO Companies, LLC, | ) ) |
| Defendant. | ) ) |

DISTRICT COURT
**F I L E D**

JUN 1 3 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION

Defendant WATCO Companies, LLC ("WATCO") moves for an extension of time to respond to the petition for reasons set forth below. Defendant is not filing a "reservation of time" pursuant to 12 O.S. § 2012(A), but is only requesting an extension of time, without waiver of any procedural rights, objections, or defenses. Defendant moves the court for an order extending its time to respond to the Petition by 15 days, or until July 2, 2013, and shows the court:

1. Without this requested extension, defendant's response would be due on June 17, 2013;

2. Defendant has neither requested nor been granted a previous extension of time to respond to the Petition, and there are no scheduled deadlines that would be adversely affected by the granting of the requested extension. Counsel for plaintiff has stated that he has no objection to the requested extension;

3. This extension is necessary to allow counsel for defendant sufficient time to confer with the defendant and to conduct the necessary factual or legal investigation in order to prepare an appropriate response.

1

Respectfully submitted,

*Amy E. Sellars*
Randall J. Snapp, OBA #11169
Amy E. Sellars, OBA #30202

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)

ATTORNEYS FOR DEFENDANT
WATCO COMPANIES, LLC

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was mailed, postage prepaid, this 13th day of June, 2013 to:

Anthony Lee Allen
101 W. Broadway
Muskogee, OK  74401

*Amy E. Sellars*
Amy E. Sellars

2

**OSCN** — THE OKLAHOMA STATE COURTS NETWORK — www.oscn.net

Home   Courts   Court Dockets   Legal Research   Calendar   Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| MARK JONES,<br>    Plaintiff,<br>v.<br>WATCO COMPANIES LLC,<br>    Defendant. | No. CJ-2013-2407<br>(Civil relief more than $10,000:<br>BREACH OF AGREEMENT - CONTRACT)<br><br>Filed: 05/17/2013<br><br>Judge: Fitzgerald, Mary |

### Parties

JONES, MARK , Plaintiff
WATCO COMPANIES LLC , Defendant

### Attorneys

| Attorney | Represented Parties |
|---|---|
| Allen, Anthony Lee(Bar # 19738)<br>101 W BROADWAY<br>MUSKOGEE, OK 74401 | JONES, MARK |

### Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

### Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
Filed by: JONES, MARK
Filed Date: 05/17/2013

**Party Name:**                **Disposition Information:**

**Defendant:** WATCO COMPANIES LLC     Pending.

**Issue # 2.**

Issue: INTENTIONAL INFLICTION EMOTIONAL DISTRESS (EMOTION)
Filed by: JONES, MARK
Filed Date: 05/17/2013

**Party Name:**                **Disposition Information:**

**Defendant:** WATCO COMPANIES LLC     Pending.

**Issue # 3.**

Issue: CRA VIOLATION (OTHER)
Filed by: JONES, MARK

EXHIBIT 2

Filed Date: 05/17/2013

**Party Name:**

**Disposition Information:**

**Defendant:** WATCO COMPANIES LLC

Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 05-17-2013 | TEXT | 1 | | 85491018 | May 17 2013 11:27:53:643AM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 05-17-2013 | OTHER | - | | 85491020 | May 17 2013 1:48:37:187PM | Realized | $ 0.00 |
| | BREACH AGREEMENT/ CONTRACT | | | | | | |
| 05-17-2013 | DMFE | - | | 85491021 | May 17 2013 11:27:53:703AM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 05-17-2013 | PFE1 | - | | 85491022 | May 17 2013 1:41:15:993PM | Realized | $ 163.00 |
| | PETITION($ 163.00) <br> 📄 _Document Available (#1021822548)_ | | | | | | |
| 05-17-2013 | PFE7 | - | | 85491023 | May 17 2013 11:27:53:703AM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 05-17-2013 | OCISR | - | | 85491024 | May 17 2013 11:27:53:703AM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 05-17-2013 | CCADMIN02 | - | | 85491025 | May 17 2013 11:27:53:703AM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 05-17-2013 | OCJC | - | | 85491026 | May 17 2013 11:27:53:703AM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 05-17-2013 | OCASA | - | | 85491027 | May 17 2013 11:27:53:703AM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 05-17-2013 | CCADMIN04 | - | | 85491028 | May 17 2013 11:27:53:703AM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 05-17-2013 | LTF | - | | 85491029 | May 17 2013 11:27:53:843AM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 05-17-2013 | SMF | - | | 85491030 | May 17 2013 11:27:53:893AM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | | |

| Date | Code | Party | ID | Time | Status | Amount |
|---|---|---|---|---|---|---|
| 05-17-2013 | SMIP | - | 85491031 | May 17 2013 11:27:53:933AM | Realized | $ 0.00 |

SUMMONS ISSUED - PRIVATE PROCESS SERVER

| 05-17-2013 | TEXT | - | 85491019 | May 17 2013 11:27:53:663AM | - | $ 0.00 |

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE FITZGERALD, MARY TO THIS CASE.

| 05-17-2013 | ADJUST | - | 85491072 | May 17 2013 11:29:42:260AM | Realized | $ 5.47 |

ADJUSTING ENTRY: MONIES DUE TO AC09-CARD ALLOCATION($ 5.47)

| 05-17-2013 | ACCOUNT | - | 85491073 | May 17 2013 11:29:42:260AM | - | $ 0.00 |

ADJUSTING ENTRY: MONIES DUE TO THE FOLLOWING AGENCIES REDUCED BY THE FOLLOWING AMOUNTS:
CJ-2013-2407: AC81 LENGTHY TRIAL FUND -$0.25
CJ-2013-2407: AC79 OCIS REVOLVING FUND -$0.63
CJ-2013-2407: AC64 DISPUTE MEDIATION FEES -$0.05
CJ-2013-2407: AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND -$0.05
CJ-2013-2407: AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES -$0.13
CJ-2013-2407: AC31 COURT CLERK REVOLVING FUND -$0.02
CJ-2013-2407: AC23 LAW LIBRARY FEE -$0.15
CJ-2013-2407: AC01 CLERK FEES -$4.19

| 05-17-2013 | ACCOUNT | - | 85491074 | May 17 2013 11:29:42:470AM | - | $ 0.00 |

RECEIPT # 2013-2602723 ON 05/17/2013.
PAYOR:ANTHONY ALLEN TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:
CJ-2013-2407: $163.81 ON AC01 CLERK FEES.
CJ-2013-2407: $5.47 ON AC09 CARD ALLOCATIONS.
CJ-2013-2407: $5.85 ON AC23 LAW LIBRARY FEE.
CJ-2013-2407: $0.68 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2013-2407: $4.87 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2013-2407: $1.95 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2013-2407: $1.95 ON AC64 DISPUTE MEDIATION FEES.
CJ-2013-2407: $24.37 ON AC79 OCIS REVOLVING FUND.
CJ-2013-2407: $9.75 ON AC81 LENGTHY TRIAL FUND.

| 06-13-2013 | MO | WATCO COMPANIES LLC | 85761046 | Jun 13 2013 4:19:37:260PM | - | $ 0.00 |

UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION / CERTIFICATE OF SERVICE
*Document Available (#1022048261)*

| 06-13-2013 | EAA | WATCO COMPANIES LLC | 85761071 | Jun 13 2013 4:20:39:810PM | - | $ 0.00 |

ENTRY OF APPEARANCE/ RANDALL J SNAPP AND AMY E SELLARS ENTERING AS COUNSEL /W-CS / CERTIFICATE OF SERVICE
*Document Available (#1022048184)*

| 06-18-2013 | CTFREE | - | 85808877 | Jun 19 2013 9:05:22:570AM | - | $ 0.00 |

FITZGERALD, MARY: ORDER ENTERED/ DFS MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION IS GRANTED. DF HAS UNTIL 7-2-2013 TO RESPOND. NOTICES SENT TO AMY SELLERS, ANTHONY ALLEN

| 06-18-2013 | O | - | 85811877 | Jun 19 2013 10:22:05:140AM | - | $ 0.00 |

ORDER AFD OF MAILING
📄 *Document Available (#1022171503)*

Report Generated by The Oklahoma Court Information System at June 21, 2013 15:26 PM

End of Transmission.