UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK JONES and JEFFERY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-CV-0372-CVE-TLW |
| ) | |
| WATCO COMPANIES, L.L.C., and ) | |
| STILLWATER CENTRAL RAILROAD, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is defendant WATCO Companies, L.L.C.'s (Watco) Motion to Strike Plaintiffs' Jury Demand and Opening Brief in Support (Dkt. # 39). On December 10, 2013, plaintiffs filed a jury demand. Dkt. # 36. Watco argues that plaintiffs waived their right to a jury trial by failing to make a timely jury demand. Plaintiffs did not file a response to Watco's motion to strike the jury demand.[1] Notwithstanding plaintiffs' failure to respond to Watco's motion, the Court finds that plaintiffs' jury demand should be stricken.

**I.**

On May 17, 2013, Jones filed suit against Watco in the District Court of Tulsa County, State of Oklahoma, alleging that he was terminated because of his race. Dkt. # 2, at 4-9. Watco removed

---

[1] Plaintiffs' response was originally due January 16, 2014. Compare Dkt. # 39, with LCvR 7.2(e). Plaintiffs requested (Dkt. # 49) and were granted (Dkt. # 50) an extension of time to respond. Plaintiffs' response was then due on January 20, 2014. Dkt. # 50. Plaintiffs later filed a motion to modify the scheduling order (Dkt. # 51), which was granted (Dkt. # 52). However, the motion to modify the scheduling order did not seek to modify the response deadline (see generally Dkt. # 51), nor did the new scheduling order modify the response deadline (see generally Dkt. # 52). Plaintiffs' response deadline remained January 20, 2014.

this action on June 24, 2013. Id. at 1-3. An amended complaint was filed on July 1, 2013, which added Smith as a plaintiff. Dkt. # 10. A second amended complaint was filed on July 23, 2013. Dkt. # 17. Watco filed its answer to plaintiffs' second amended complaint on August 16, 2013. Dkt. # 20. On November 25, 2013, Watco filed an amended answer to plaintiffs' second amended complaint. Dkt. # 33. On November 26, 2013, a third amended complaint was filed, which added Stillwater Central Railroad, L.L.C. as a defendant. Dkt. # 35. Plaintiffs filed a jury demand on December 10, 2013. Dkt. # 36.

**II.**

"Unless a written jury demand has been filed of record in state court, trial by jury is waived in any case removed from a state court unless a demand for jury trial is filed and served within the time period provided under Fed. R. Civ. P. 38 and 81." LCvR81.1. Jones did not demand a jury trial in state court. See generally Dkt. # 2.[2] The time period provided by Rule 81 is inapplicable. Rule 81 applies "[i]f all necessary pleadings have been served at the time of removal." Fed. R. Civ. P. 81(c)(3)(B). Watco did not file a responsive pleading prior to removal. See generally Dkt. # 2. Therefore, "all necessary pleadings" had not been served at the time of removal, and Rule 81's time

---

[2]  Fed. R. Civ. P. 81 also provides that if a party expressly demanded a jury trial prior to removal, that party need not renew its demand in federal court. Fed. R. Civ. P. 81(c)(3)(A). Additionally, it states that "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Id. Neither of these exceptions is applicable in this case. Jones did not demand a jury trial in state court. See generally Dkt. # 2. While Oklahoma does not require an express demand for a jury trial, see Okla. Stat. tit. 12, § 556, LCvR81.1 requires a jury demand to be filed within the time specified in Fed. R. Civ. P. 38 and 81.

period is not applicable. See Moore v. Dunham, 240 F.2d 198, 200 (10th Cir. 1957) (characterizing an answer as a necessary pleading).[3]

Rule 38 provides that a jury demand must be served "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). The "last pleading directed to the issue" is generally an answer. Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.), 911 F.2d 380, 388 (10th Cir. 1990), abrogated on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003, 1005 n.3 (10th Cir. 1992). Watco's answer to the second amended complaint was the last pleading directed to the issue, and it was served on August 16, 2013.[4] Plaintiffs did not make a jury demand until December 10, 2013. Dkt. # 36. Accordingly, as the jury demand was made more than 14 days after the service of Watco's answer, it is untimely and the right to a jury is automatically waived.

Plaintiffs' third amended complaint did not revive plaintiffs' right to demand a jury trial. Amended pleadings do not "'revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'" In re Kaiser Steel Corp., 911 F.2d at 388 (quoting 9 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 2320, at 94-96 (1971)). An amended complaint referring to the same transaction as the original complaint does not revive the

---

[3] Even if Rule 81's time period were applicable, plaintiffs' jury demand would still be untimely. Compare Fed. R. Civ. P. 81(c)(3)(B) (requiring a jury demand of a non-removing party to be filed within 14 days of that party being served with notice of removal), with Dkt. # 2 (stating that a copy of the notice of removal was mailed to Jones' attorney on June 24, 2013), and Dkt. # 36 (filed on December 10, 2013).

[4] Watco's amended answer to the second amended complaint was not the last pleading directed to the issue; it merely corrected an erroneous date and did not inject any new issues into the case. Compare Dkt. # 20, with Dkt. # 33. An amended answer that does not inject new issues into a case is not the "last pleading directed to the issue[]." Ward v. Brown, 301 F.2d 445, 447 (10th Cir. 1962).

right demand a jury trial. 9 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 2320, at 254 (3d ed. 2008). Merely adding a defendant does not change or add issues to a case and fails to revive the right to demand a jury. Jones v. Boyd, 161 F.R.D. 48, 49 (E.D. Va. 1995); 8 James Wm. Moore et al., Moore's Federal Practice § 38.50(8)(b) (3d ed. 2013); see also Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1063-64 (5th Cir. 1990); State Mut. Life Assurance Co. of Am. v. Arthur Andersen & Co., 581 F.2d 1045, 1049 (2d Cir. 1978); Pa. ex rel. Feiling v. Sincavage, 439 F.2d 1133, 1134 (3d Cir. 1971) (per curiam); Barron v. Bankers Life and Cas. Co., 288 F.R.D. 187, 191 (W.D. Tenn. 2012); Levias v. Pac. Mar. Ass'n, No. 08-cv-1610-JPD, 2010 WL 431884, at *5 (W.D. Wash. Jan. 27, 2010) Sunenblick v. Harrell, 145 F.R.D. 314, 317 (S.D.N.Y. 1993); Ed Brawley, Inc. v. Gaffney, 399 F. Supp. 115, 118 (N.D. Cal. 1975). Plaintiffs' third amended complaint merely adds an additional defendant; it does not change or add issues to the case. Compare Dkt. # 17, with Dkt. # 35. Therefore, plaintiffs' third amended complaint does not revive their right to demand a jury. Because plaintiffs' right to a jury was automatically waived and was not revived, defendants' motion to strike plaintiffs' jury demand should be granted.

**IT IS THEREFORE ORDERED** that defendant's Motion to Strike Plaintiffs' Jury Demand and Opening Brief in Support (Dkt. # 39) is **granted**; plaintiffs' jury demand (Dkt. # 36) is **stricken**. A non-jury scheduling order has been entered (see Dkt. # 52).

**DATED** this 19th day of February, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE